442 P.2d 839

**John Michael MORRIS, Petitioner,**

**v.**

**Arlo WOOLERY, as the Director of the Department of Property Valuation, an Agency of the State of Arizona, Respondent,**
**and**
**American Smelting and Refining Company, Bagdad Copper Corporation, Inspiration Consolidated Copper Corporation, Magma Copper Company, Phelps Dodge Corporation and Tennessee Corporation, Intervenors.**

**No. 9343.**

Supreme Court of Arizona.

In Banc.

July 9, 1968.

Laurence H. Whitlow, Phoenix, for petitioner.

Gary K. Nelson, Atty. Gen., William Kimble, Sp. Asst. Atty. Gen., for respondent.

Evans, Kitchel & Jenckes, Phoenix, for intervenors American Smelting and Refining Company and Phelps Dodge Corp.

Snell & Wilmer, Phoenix, for intervenor Bagdad Copper Corp.

Twitty, Sievwright & Mills, Phoenix, for intervenor Magma Copper Co.

G. Henry Ladendorff, Phoenix, for intervenor Inspiration Consolidated Copper Corp.

Morris & Malott, Globe, for intervenor Tennessee Corp.

PER CURIAM.

This cause was filed by petitioner to compel Arlo Woolery, Director of the Department of Property Valuation of the State of Arizona, to use the price of copper as not less than $0.42009 a pound in fixing the full cash value of the producing copper mines in the State of Arizona. We accepted jurisdiction on respondent's assertion that "to determine the value of copper in a mine with a life expectancy of ten (10) years or more, he [Woolery] has taken the average copper price over the immediate preceding ten (10) years," being of the opinion that such method was, in an inflationary economy, so arbitrary as to threaten the entire reassessment program of Arizona.

It appearing that intervenors, owners of producing copper mines, have sufficient interest in the outcome of the litigation, their petition to intervene is granted.

Intervenors have moved to quash, asserting first that the Director of the Department of Property Valuation did consider other factors, such as, probable future price structures, changing labor conditions and competing substitute products, but believed that "a moving arithmetic mean average of the previous ten year average price of copper per pound best predicted the future selling price * * *." The moving arithmetic average in a rapidly inflating economy over a ten-year period is manifestly arbitrary as being projected too far in the past to properly reflect valuations based upon current and probable future prices. The consideration of other factors without weighing them into a proper moving arithmetic mean average does not save the assessment from arbitrariness.

Intervenors further urge that this action should be dismissed because A.R.S. § 42–124.02, subsec. D permits any person not satisfied with the valuation of any property to appear before the State Board of Property Tax Appeals to show why valuation should be changed. Upon considera-

tion of the statute and intervenors' argument, we are now satisfied under the status of the case as it now exists that petitioner should appear before the State Board in order to exhaust his administrative remedies before appealing to the courts for relief.

The motion to dismiss the proceeding is granted.

McFARLAND, C. J., UDALL, V. C. J. and STRUCKMEYER, BERNSTEIN and LOCKWOOD, JJ., concur.